UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT D. KLINE, J.D., | ) | |
| | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 4:18-cv-00099-MWK-KM |
| v. | ) | |
| | ) | |
| | ) | |
| POLARIS INDUSTRIES, INC., | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**JOINT CASE MANAGEMENT PLAN**

AND NOW, come the parties, by their respective counsel, and submit this Joint Case Management Plan.  In accordance with the Scheduling Order of January 24, 2018, having complied with the meet and confer requirements set forth in the Local Rules, the parties hereby submit the following Joint Case Management Plan consistent with Rule 16 and Rule 26(f) of the Federal Rules of Civil Procedure.

*1.0*   *Principal Issues*

1.1   *Separately for each party, please give a statement summary this case:*

*By plaintiff(s)*:

This case was brought before the Court of Common Pleas, Cumberland County, Pennsylvania to redress injury cause by the

Defendant relating to 47 U. S. C. 227, *et seq*., which is commonly known as the Telephone Consumer Protection Act ("TCPA").  Plaintiff alleges that Defendant, itself or through its agents, subcontractors or employees used an automatic telephone dialing service ("ATDS") to call Plaintiff on his cell phone.  Absent a few enumerated exceptions, it is against the TCPA to call cell phone subscribers without their expressed written permission.

The more specific issues are as follows:

(a) Did Defendant call Plaintiff in violation of the TCPA?

(b) If subcontractors called Plaintiff and violated the TCPA, does Defendant have vicarious liability for their actions when they violated the TCPA?

(c) If Defendant is liable for the call to Plaintiff, is it liable for the trespass to chattels claim made in Plaintiff's Complaint?

(d) If Defendant is liable for the call to Plaintiff, given the statements made by Congress when it drafted the TCPA relating to invasion of privacy, has it invaded the privacy of Plaintiff?

(e) If Defendant is liable for the call to Plaintiff, has it acted either knowingly or willfully when making the call?

Plaintiff is in the process of retaining counsel to pursue the claims on behalf of a class and requests an extension of 14 days on the case management hearing.   Should the extension not be granted, Plaintiff reserves the right to request revisions to the case management order in the event the case is pursued as a class action.

*By defendant(s)*:

This litigation stems from an alleged telephone call placed to Robert D. Kline on October 24, 2017.   On this date, Robert D. Kline received a telephone call which he claims shared the same characteristics as other calls utilizing an ATDS. (*See* Pl.'s Compl. ¶ 16, attached as Ex. "A" to Def.'s Notice of Removal, Dkt. No. 1.)   After answering his telephone, Plaintiff alleges that a caller then identified herself as "Britney" of Polaris, represented that "she was from the call center in Lithonia [sic], Michigan," and then encouraged he Plaintiff to purchase Defendant's products. (Id. ¶¶ 16-17).

On March 7, 2017, Plaintiff initialed this action in the Court of Common Pleas of Cumberland County, Pennsylvania with the filing of a Writ of Summons on Defendant on October 31, 2017.   Thereafter, on

December 26, 2017, Plaintiff filed his Complaint alleging that Defendant violated the Telephone Consumer Protection Act 47 U.S.C.A. § 227, *et seq.*, seeking damages in the amount of $1,500 pursuant to the statute's treble damages provision. In addition to his statutory claim, Plaintiff also asserts a trespass to chattels claim seeking damages in the amount of $1 and an invasion of privacy claim seeking damages in the amount of $10,000.

Defendant removed the action to the United States District Court for the Middle District of Pennsylvania on January 12, 2018 by filing a Notice of Removal. (*See*, Dkt. No. 1). Thereafter on January 19, 2018, Defendant filed its Answer and Affirmative Defenses, denying any and all liability to Plaintiff. (*See generally*, Def.'s Answer and Affirmative Defenses, Dkt. No. 2).

In terms of the first claim raised in Plaintiff's Complaint, Defendant denies that it or any of its agents or employees called Plaintiff. Defendant also denies that it is vicariously liable for the entity that placed the call to Plaintiff. To the contrary, Defendant will demonstrate that at all times relevant, Defendant had a contract with a third party customer service provider who provided customer call center services. Any calls placed by this provider were done o as an

independent contractor of Defendant and, therefore, that no agency or employment relationship existed, and Defendant cannot be responsible for any alleged violations of the TCPA.

In terms of the second claim raised in Plaintiff's Complaint, Defendant will demonstrate that it, not any of its agents or employees dispossessed Plaintiff of his telephone; did not impair his telephone's condition, quality or value; did not deprive Plaintiff of the use of his telephone for a substantial time; and did not caused bodily harm to Plaintiff, nor to anything in which Plaintiff has a legally protected interest.

In terms of the third claim in Plaintiff's Complaint, Defendant will demonstrate that neither it, nor any of its agents or employees intentionally intruded upon Plaintiff's seclusion.

Defendant denies that Plaintiff is entitled to any statutory or common law compensatory damages and Defendant demands the entry of judgment in its favor against Plaintiff.

1.2   *The facts the parties <u>dispute</u> are as follows:*

Without the benefit of discovery or a complete investigation of the circumstances surrounding this claim, virtually all of the facts which

are the subject of the Plaintiffs' Complaint are in dispute. Among other things, the parties dispute:

(a) The circumstances leading to the alleged telephone call on October 24, 2017;

(b) All of the facts and circumstances surrounding the alleged telephone call on October 24, 2017;

(c) The reasonableness of the actions and conduct undertaken by the Defendant;

(d) The reasonableness of the actions and conduct undertaken by Plaintiff;

(e) Whether Plaintiff consented to receiving telemarketing calls;

(f) The title, purchase and use history of Plaintiff's telephone;

(g) The reasonableness of the steps and measures taken by Defendant in connection its agreement with its third party consumer call service to ensure compliance with the TCPA;

(h) Whether Plaintiff can establish the predicate facts to support a TCPA claim;

(i) Whether Plaintiff can establish the predicate facts to support an award of treble damages in a TCPA claim;

(j) Whether Plaintiff can establish the predicate facts to support a trespass to chattels claim;

(k) Whether Plaintiff can establish the predicate facts to support an invasion of privacy claim;

(l) The nature and extent of the injuries and damages claimed by each Plaintiff.

This list of facts in dispute is not intended by the parties as exhaustive.  Rather it is intended as representative of the nature of the facts in dispute.

*agree* upon are as follows:

(a) Defendant is a Delaware Corporation with its principle place of business in the state of Minnesota;

(b) Plaintiff is an adult individual residing at 2256 Fairview Road, McClure, Pennsylvania.

1.3    *The legal issues the parties dispute are as follows:*

Plaintiff has filed a Complaint asserting claims for a violation of the TCPA, trespass to chattels, and invasion of privacy. The Complaint seeks both statutory and compensatory damages.  Defendant denies any liability to Plaintiff and will plead the affirmative defenses applicable to

such claims.   Given the nature of the legal claims, the legal issues in dispute are as follows:

(a) Whether Defendant violated the TCPA;

(b) Whether Defendant committed a trespass to chattels;

(c) Whether a telephone call constitutes a trespass to chattels;

(d) Whether Defendant committed an invasion of privacy;

(e) Whether Defendant or any of its agents or employees placed or initiated the call to Plaintiff;

(f) Whether Plaintiff provided his prior express consent;

(g) Whether Defendant acted knowingly and willfully so as to justify the imposition of treble damages;

(h) Whether Defendant acted intentionally to invade Plaintiff's privacy;

(i) Whether Plaintiff suffered anxiety, mental distress, as well as loss of enjoyment of life;

*agree upon are as follows*:

The parties stipulate and agree that:

(a) Subject matter jurisdiction exists in the United States District Court for the Middle District of Pennsylvania;

(b) For purposes of this action, Defendant consents to personal jurisdiction in the Commonwealth of Pennsylvania; and

(c) Venue is proper in the United States District Court for the Middle District of Pennsylvania.

1.4 *Identify any unresolved issues as to service of process, personal jurisdiction, subject matter jurisdiction, or venue:*

Based on the stipulation of the parties, there are no issues with respect to personal jurisdiction, subject matter jurisdiction or venue.

1.5 *Identify any named parties that have not yet been served:*

Not applicable.

1.6 *Identify any additional parties that:*

*plaintiff(s) intends to join:*

Upon discovery, Plaintiff will seek leave to join the subcontractor of Defendant that is referred to herein.  Ultimately the joinder will depend on the outcome of discovery and the determination of any other parties that may be liable.

*defendant(s) intends to join:*

Defendant is investigating the joinder of its third party customer call service.   The joinder of this party, as well as other additional

joinders that may be sought will depend on the results of discovery and

factual investigations.

1.7    *Identify any additional claims that:*

*plaintiff(s) intends to add:*

Plaintiff knows of no other claims at this time.

*defendant(s) intends to add:*

See § 1.6 above.

## 2.0    *Disclosures*

*The undersigned counsel certify that they have made the initial disclosures required by Federal Rule of Civil Procedure 26(a)(1) or that they will do so within the time provided by that rule.*

All counsel have agreed to exchange Rule 26(a)(1) Initial Disclosures

by April 30, 2018.

## 3.0    *Early Motions*

*Identify any motion(s) whose early resolution would <u>likely</u> have a significant effect either on the scope of discovery or other aspects of the litigation:*

| *Nature of Motion* | *Moving Party* | *Anticipated Filing Date* |
|---|---|---|
| Plaintiff's Motion for Summary Judgment | Plaintiff | December 30, 2018 |
| Defendant's Motion for Summary Judgment | Defendant | December 30, 2018 |

**4.0**   *Discovery*

4.1   *Briefly describe any discovery that has been completed or is in progress:*

*By plaintiff(s):*

Plaintiff anticipates serving Defendant with Interrogatories, Request for Production of Documents, as well as a deposition.

*By defendant(s):*

The Defendants anticipate conducting discovery by way of Interrogatories, Request for Production of Documents, Request for Admissions and depositions on the following subject matters, among others:

(a) The facts and circumstances surrounding the alleged October 24, 2017 telephone call;

(b) The telephone records for Plaintiff;

(c) Whether Plaintiff had recently inquired into Defendant's products;

(d) The policies and procedures of Defendant's third party customer call service;

(e) The use or nonuse of ATDS by Defendant's third party customer call service;

(f) The policies and procedures of Defendant's third party customer call service to ensure compliance with the TCPA;

(g) The background, education, work history (if applicable) of Plaintiff;

(h) The experience of Plaintiff in filing similar claims;

(i) The identification of all other phones, whether cellular phone or landline, owned, used and operated by Plaintiff;

(j) The identification of witnesses Plaintiff may offer in support of his liability and damages claims and the facts known and information held by those witnesses;

(k) The identification of any and all eye-witnesses to the events of October 24, 2017, and the information known by those witnesses and observations made by those witnesses;

(l) The information known to all witnesses who may be offered in support of Plaintiffs' TCPA, trespass to chattels, and invasion of privacy claims;

(m)   The identification of any and all eye-witnesses to the phone call initiated by Defendant's third party customer call service;

(n) The identification of any expert witnesses offered by Plaintiff who will support his theory of liability and discovery related to the basis and reliability for that opinion testimony;

(o) The nature and extent of the injuries and damages claimed by Plaintiff.

At this early stage of the proceedings, all parties have made reasonable efforts to outline areas of discovery which might be sought. However, both Plaintiff and Defendant reserve the right to seek additional discovery on other subjects, if relevant and proportional.  Further, the inclusion of an item in this report does not constitute a waiver of any parties' right to object to the relevancy, materiality, scope of proportionality of any discovery request.

4.2   *Describe any discovery that all parties agree should be conducted, indicating for each discovery undertaking its purpose or what kinds of information will be developed through it (e.g., "plaintiff will depose Mr. Jones, defendant's controller, to learn what defendant's revenue recognition policies were and how they were applied to the kinds of contracts in this case"):*

The parties have met and conferred to prepare this Joint Case Management Plan and it is anticipated that the parties will continue to work cooperatively throughout the discovery process.  That said, it is difficult at this early stage of the litigation to identify all areas of necessary discovery.  Further, it is difficult to come to a consensus on

what discovery "should be conducted".  That said, the parties agree that the Defendants have the right to depose Plaintiff on relevant subject matters and Plaintiff has the right to depose a corporate representative of Defendant and/or Defendant's third party customer call service on issues relating to the policies and procedures for calling customers. Beyond that, the parties agree to work cooperatively to ensure that discovery proceeds in an efficient manner.

4.3 *Describe any discovery that one or more parties want(s) to conduct but to which another party objects, indicating for each such discovery undertaking its purpose or what kinds of information would be developed through it:*

At this point, the parties have not identified any concrete areas of dispute with respect to discovery.  As the discovery process proceeds, the parties are committed to working cooperatively and the parties will meet and confer in an effort to resolve any dispute that might arise regarding the relevancy or proportionality of a given discovery demand.

4.4 *Identify any subject area limitations on discovery that one or more parties would like imposed, at the first stage of or throughout the litigation:*

*See*, Section 4.2 and 4.3 of this Joint Case Management Plan.

4.5 *For each of the following discovery tools, recommend the per-party or per-side limitation (specify a number) that should be fixed, subject to later modification by stipulation or court order on an appropriate showing (where the parties cannot agree, set forth separately the limits recommended by plaintiff(s) and by defendant(s)):*

4.5.1  *depositions (excluding experts) to be taken by:*

*plaintiff(s):*  2          *defendant(s):*  5

4.5.2  *interrogatories to be served by:*

*plaintiff(s):*  25          *defendant(s):*  25

4.5.3  *document production requests to be served by:*

*plaintiff(s):*  25          *defendant(s):*  25

4.5.4. *requests for admission to be served by:*

*plaintiff(s):*  25          *defendant(s):*  25

4.6  *Discovery of Electronically Stored Information*

☒  *Counsel certify that they have conferred about the matters addressed in M.D. Pa LR 26.1 and that they are in agreement about how those matters will be addressed in discovery.*

☐  *Counsel certify that they have conferred about the matters addressed in M.D. Pa LR 26.1 and that they are in agreement about how those matters will be addressed in discovery with the following exceptions:*

## 5.0   *Protective Order*

5.1   *If entry of a protective order is sought, attach to this statement a copy of the proposed order.  Include a statement justifying the propriety of such a protective order under existing Third Circuit precedent.*

Defendant seeks the entry of a Protective Order to protect against any unnecessary dissemination of proprietary materials relating to its customers, creation of customer call lists, and any other proprietary or trade secret materials that give Defendant a competitive advantage.  The Federal Rules of Civil Procedure recognize and empower district courts to enter Protective Orders designed to protect confidential research, development and commercial information. In particular, Rule 26(c) of the Federal Rules of Civil Procedure recognizes that a district court may, for good cause, issue an order to protect a party from undue burden or expense by "requiring that a trade secret or other confidential research, development or commercial information not be revealed or be revealed only in a specified way."

The Third Circuit Court of Appeals has also endorsed the entry of Protective Orders, where necessary and reasonably tailored to protect proprietary commercial information.  *See Cipollone v. Liggett Grp., Inc.*, 785 F.2d 1108, 1122 (3d Cir. 1986) ("It is equally consistent with the proper allocation of evidentiary burdens for the court to construct a

broad 'umbrella' protective order upon a threshold showing by one party (the movant) of good cause."); *Pearson v. Miller*, 211 F.3d 57, 73 (3d Cir. 2000) ("[I]in appropriate circumstances, a district court is empowered to issue umbrella protective orders protecting classes of documents after a threshold showing by the party seeking protection."); *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 787 n.17 (3d Cir. 1994) ("[T]he court may construct a broad umbrella protective order upon a threshold showing by the movant of good cause.").

At this time, Plaintiff objects to a Protective Order on the basis that he is seeking counsel and desires to have his counsel engaged in the agreement and need for a Protective Order.  While the parties have yet to reach an agreement on the need for a Protective Order, the parties have agreed to continue to work cooperatively and try to resolve this issue.

5.2   *If there is a dispute about whether a protective order should be entered, or about certain terms of the proposed order, briefly summarize each party's position below:*

See Section 5.1 of this Joint Case Management Plan.

**6.0   Scheduling**

6.1   *Final date for joining additional parties:*

<u>March 30, 2018</u>     *Plaintiff(s)*

April 15, 2018      *Defendant(s)*

6.2   *Final date for amending pleadings:*

May 15, 2018      *Plaintiff(s)*

June 30, 2018      *Defendant(s)*

6.3   *All fact discovery commenced in time to be completed by:*

December 15, 2018

6.4   *All potentially dispositive motion should be filed by:*

December 30, 2018

6.5   *Reports from retained experts due:*

*from plaintiff(s) by* September 15, 2018

*from defendant(s) by* October 15, 2018

6.6   *Supplementations due* October 30, 2018

6.7   *All expert discovery commenced in time to be completed by*

December 15, 2018

6.8   *This case may be appropriate for trial in approximately:*

__ 240 Days from the filing of the action in this court

_X_ 365 Days from the filing of the action in this court

__ Days from the filing of the action in this court

6.9   *Suggested Date for the Pretrial Conference:*

January 2019          (month/year)

6.10   *Trial*

The parties agree to have the Honorable Karoline Mehalchick conduct all proceedings, including jury trial and entry of judgment. The parties further agree that the Honorable Karoline Mehalchick can assign the case to a specific trial term.

6.10.1.   *Suggested Date for Trial*:

The parties propose a suggested trial date in the February 2018 or March 2018 trial term.

February 2018 or March 2018 Trial Term (month/year)

## 7.0   *Certification of Settlement Authority (All Parties Shall Complete the Certification)*

*I hereby certify that the following individual(s) have settlement authority.*

Robert D. Kline, J.D.
2256 Fairview Road
McClure, PA 17841
(502 )658 -3448
*Pro Se* Plaintiff

Clem C. Trischler, Esq.
PIETRAGALLO GORDON ALFANO BOSICK & RASPANTI, LLP
One Oxford Centre, 38th Floor
Pittsburgh, PA 15216
(412) 263-1816
Counsel for Defendant – Polaris Industries Inc.

Jeff Eyres, Esq.
2100 Highway 55
Medina, MN 55340-9770
(763) 542-2309
Assistant General Counsel for Polaris Industries Inc.

**8.0**   *Alternative Dispute Resolution ("ADR")*

    8.1   *Identify any ADR procedure to which this case already has been assigned or which the parties have agreed to use.*

        *ADR procedure* <u>Private mediation</u>

        *Date ADR to commenced* <u>December 15, 2018</u>
        *Date ADR to be completed* <u>December 15, 2018</u>

    8.2   *If the parties have been unable to agree on an ADR procedure, but one or more parties believes that the case is appropriate for such a procedure, identify the party or parties that recommend ADR and the specific ADR process recommended:*

        Not applicable.

    8.3   *If all parties share the view that no ADR procedure should be used in this case, set forth the basis for that view:*

        Not applicable.

**9.0**   *Consent to Jurisdiction by a Magistrate Judge*

*Indicate whether all parties agree, pursuant to 28 U.S.C. § 6363(c)(1), to have a magistrate judge preside as the judge of the case with appeal lying to the United States Court of Appeals for the Third Circuit:*

*All parties agree to jurisdiction by a magistrate judge of this court:* <u>x</u> *Y* _*N*

*If parties agree to proceed before a magistrate judge, please indicate below which location is desired for the proceedings:*

    \_\_\_\_   *Scranton/Wilkes-Barre*

    <u>X</u>   *Harrisburg*

**10.0   Other Matters**

*Make any other suggestions for the case development process, settlement, or trial that may be useful or necessary to the efficient and just resolution of the dispute.*

None at this time.

**11.0   Identification of Counsel**

*Counsel shall be registered users of the court's Electronic Case Files System (ECF) and shall file documents electronically in accordance with the Local Rules of Court and the Standing Order RE: Electronic Case Filing Policies and Procedures.  Electronic filing is required unless good cause is shown to the Chief Judge why counsel cannot comply with this policy.  Any request for waiver of electronic filing must be filed with the Clerk's Office prior to the case management conference. The Chief Judge may grant or deny such request.*

*Identify by name, address, and telephone number lead counsel for each party. Also please indicate ECF User status below.*

*Dated*: February 5, 2018  /s/ *Robert D. Kline, J.D.*

        Robert D. Kline
        2256 Fairview Road
        McClure, PA 17841
        (502) 658 -3448
        *Pro Se* Plaintiff
    □   *ECF User(s)*
    X   *Waiver requested (as separate document)*
    □   *Fed.R.Civ.P.7.1 (statement filed if necessary)\**

*Dated*: February 5, 2018  /s/ *James F. Marrion*

        Clem C. Trischler, Esq.
        James F. Marrion, Esq.
        PIETRAGALLO GORDON ALFANO BOSICK & RASPANTI, LLP
        One Oxford Centre
        Floor 38
        Pittsburgh, PA 15219

(412) 263-2000 Telephone
*Attorney(s) for Defendant(s)*

X       *ECF User(s)*
☐       *Waiver requested (as separate document)*
☐       *Fed.R.Civ.P.7.1 (statement filed if necessary)\**

*\*Fed.R.Civ.P.7.1 requires a nongovernmental corporate party to file a statement with the initial pleading, first entry of appearance, etc., that identifies any parent corporation and any publicly held corporation that owns 10% or more of its stock, or state there is no such corporation.*